NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ, | No. C 11-01008 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| DANIEL E. CREED, et al., | |
| Defendants. | |

Plaintiff, a state prisoner incarcerated at California State Prison ("CSP') in Corcoran, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 4), will be granted in a separate order.

**DISCUSSION**

A.   28 U.S.C. § 1915A(a) Screening

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.11\01008Rodriguez_dism.wpd

be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

According to the complaint, Plaintiff was sentenced to 27 years to life following his state conviction on March 9 1999. (Compl. 3.) The judgment against Plaintiff included a $10,000 restitution fine. (Id.) Plaintiff alleges that the restitution fine was imposed "'without any inquiry and or analysis into plaintiff's ability to pay such fine.'" (Id.) Plaintiff claims that the trial judge violated his right to due process by imposing such a fine. (Id.) Plaintiff also claims that he was denied his right to effective assistance of counsel when his state-appointed attorneys failed to object to the restitution fine or inform Plaintiff of his right to appeal the fine. (Id. at 4.) Plaintiff seeks declaratory and injunctive relief, and that the restitution fine be "'modified'" or "'eliminated.'"[1] (Id. at 12.)

1.   Review of State Court Decision

Plaintiff presented the case to the state court in the form of a state habeas petition. (Compl. Ex. D.) The state court denied the petition, finding that money was not improperly being collected and withdrawn from Plaintiff's account because the fine was properly imposed pursuant to Penal Code § 1202.4(c) and (g), which state that "[a] defendant's inability to pay shall not be considered a compelling and extraordinary reason not ot impose a restitution fine [or] order." (Id.) In the instant § 1983 complaint, Plaintiff is essentially appealing the state court's decision. Plaintiff would have this Court reverse the state court's

---

[1] Plaintiff attempted to challenge the constitutionality of the restitution fine in a federal habeas action. See Case No. 10-03275 CRB (PR). The petition was dismissed for want of "in custody" jurisdiction under Bailey v. Hill, F.3d 976, 980-81 (9th Cir. 2010).

1 finding with respect to its interpretation of state law, which is not permitted.  See Bradshaw
2 v. Richey, 546 U.S. 74, 76 (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988).  Accordingly,
3 this claim is dismissed for failure to state a claim upon which relief may be granted.  See 28
4 U.S.C. § 1915A(b)(1),(2).

        2.      Due Process

6         Plaintiff claims that his due process rights were violated during the state trial
7 proceedings because he had no notice of the restitution fine imposed, and the fine itself
8 lacked any legal basis.  (Compl. 3.)

9         The Due Process Clause protects persons against deprivations of life, liberty or
10 property without adequate process.  Wilkinson v. Austin, 545 U. S. 209, 221 (2005).  Those
11 who seek to invoke the procedural protections of the Due Process Clause must establish that
12 their life, liberty or property is at stake.  Id.  First, the liberty interest in question must be one
13 of "real substance."  Sandin v. Conner, 515 U.S. 472, 477-87 (1995).  A liberty interest of
14 "real substance" generally will be limited to freedom from (1) restraint that imposes "atypical
15 and significant hardship on the inmate in relation to the ordinary incidents of prison life," id.
16 at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.
17 Second, the state statutes or regulations must narrowly restrict the power of prison officials to
18 deprive the inmate of the liberty interest.  Id. at 477- 87.

19         In the instant case, Plaintiff must establish that the deprivation of money taken from
20 his trust account to pay restitution implicates due process because it has resulted in the
21 imposition of ongoing conditions of confinement creating an "atypical and significant
22 hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.
23 Plaintiff does not.  It cannot be said that the enforcement of a judgment that imposes
24 restitution payments following a state conviction poses such an "atypical and significant
25 hardship" in relation to the "ordinary incidents of prison life" as contemplated by Sandin.
26 See id. at 484.  Plaintiff has failed to show that prison officials violated due process when
27 they withdrew money from his prison trust account in accordance with the judgment of the
28 state trial court.  Accordingly, this claim is dismissed for failure to state a claim upon which

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.11\01008Rodriguez_dism.wpd

relief may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).

        3.        Ineffective Assistance of Counsel

Plaintiff claims that his public defenders rendered ineffective assistance for failing to object to the restitution fine or informing him of his right to appeal the fine.  However, a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); accord Vermont v. Brillon, 129 S. Ct. 1283, 1291-92 (2009).  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, 540 U.S. 814 (2003).  Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).

## CONCLUSION

For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1),(2).

IT IS SO ORDERED.

DATED: 6/15/11

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.11\01008Rodriguez_dism.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE GARCIA RODRIGUEZ,

        Plaintiff,

  v.

DANIEL E CREED, et al.,

        Defendants.

                                                        /

Case Number: CV11-01008 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   7/15/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Garcia Rodriguez P-38735
CSP-Corcoran (SHU)
4A2L-61L
P.O. Box 3476
Corcoran, CA 93212-3476

Dated:   7/15/11

                                                Richard W. Wieking, Clerk